IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-72,094-01






EX PARTE LISA ANN COLEMAN








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 1016470R IN THE 297TH CRIMINAL DISTRICT COURT


TARRANT COUNTY






 Per Curiam. 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On June 21, 2006, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Coleman v. State, No. AP-75,478 (Tex.
Crim. App. Dec. 9, 2009) (not designated for publication).

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall determine whether applicant's trial counsel
interviewed Marcela Williams. If trial counsel did not, the trial court shall determine why
trial counsel did not do so. If counsel did interview Marcela Williams, the trial court shall
determine why Marcela Williams was not called to testify. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.071 §§ 8 or 9. 

 The trial court shall make findings of fact as to whether applicant's trial counsel
interviewed Marcela Williams. If trial counsel did not do so, the trial court shall make
findings of fact regarding the reasons trial counsel did not do so. If trial counsel did
interview Marcela Williams, the trial court shall make findings of fact addressing why
Marcela Williams was not called to testify. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of
applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


 IT IS SO ORDERED THIS THE 31ST DAY OF MARCH, 2010.




Do Not Publish